UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
BRIAN J. AUBIN, JR.,

                        Plaintiff,                              Civil Action No.: 2:19-CV-4985

          - against -

COUNTY OF SUFFOLK, THE SUFFOLK COUNTY           **AMENDED COMPLAINT**
POLICE DEPARTMENT, THE SUFFOLK COUNTY
SHERIFF'S OFFICE, P.O. GREGORY SANDBICHLER,
SHERIFF EROLD D. TOULON, JR., P.O. ROBERT J.
MUDZINSKI, CAPT. JAMES WEIK, CAPT. PATRICK
MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK
DETWILER, P.O. STEVEN TURNER, SGT. DAVID
HENDERSON, D.S. NICHOLAUS BLANCHARD, D.S.
ROBERT PAASCH, D.S. SAMANTHA KETCHAM,
D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT.
THOMAS LITTS (S-60), SHERIFF'S OFFICE SGT.
BRIAN WEINFELD (S-91), "JOHN DOES" 1-10
(OFFICERS OF THE SUFFOLK COUNTY POLICE
DEPARTMENT) and "JOHN DOES" 11-20 (OFFICERS       Jury Trial Demanded
OF THE SUFFOLK COUNTY SHERIFF'S OFFICE),

                     Defendants.
--------------------------------------------------------------------------x

       Plaintiff BRIAN J. AUBIN JR., by his attorneys, Caesar and Napoli, P.C., as a Complaint

against Defendants, hereby alleges upon information and belief as follows:

## NATURE OF THE ACTION

      1.     This civil rights action arises from Defendants' unlawful and improper arrest and

imprisonment of, and the use of excessive force upon Plaintiff BRIAN J. AUBIN, JR. on September

1, 2018. Plaintiff BRIAN J. AUBIN, JR., who is disabled, also alleges discrimination on the basis

of his disability.

      2.     It is alleged that Plaintiff BRIAN J. AUBIN, JR., who suffers from autism spectrum

disorder and informed Defendants of his disability during their interactions, was forcefully and

1

improperly seized and arrested at a sobriety checkpoint under the pretext of being under the influence of drugs. Plaintiff BRIAN J. AUBIN, JR. in fact had not taken any illegal drugs and had not engaged in illegal conduct. Plaintiff BRIAN J. AUBIN, JR.'s interactions with Defendant P.O. GREGORY SANDBICHLER, the officer who initially interacted with and administered sobriety tests to Plaintiff BRIAN J. AUBIN, JR., confirmed only that Plaintiff BRIAN J. AUBIN, JR. was disabled, not that he was under the influence of illegal drugs. Defendants nonetheless proceeded to forcefully, unlawfully and improperly seize and arrest Plaintiff BRIAN J. AUBIN, JR.

3. It is further alleged that over the approximately 15 hours that followed, while AUBIN, JR. was under arrest and in Defendants' custody, Plaintiff BRIAN J. AUBIN, JR. was, denied a request to be taken to a psychiatric hospital, and was instead subjected to excessive force, assault, battery and intimidation. At one point, Plaintiff BRIAN J. AUBIN, JR. had his head slammed into a desk while sitting in handcuffs by a certain Defendant "JOHN DOE" (OFFICER OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information is identified as Defendant P.O. STEVEN TURNER, and was told by said Defendant that he will teach him how to listen. At another point, Plaintiff BRIAN J. AUBIN, JR., while handcuffed, had his head shoved against a wall and into metal cell bars by a certain Defendant "JOHN DOE" (OFFICER OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information is identified as Defendant D.S. NICHOLAUS BLANCHARD. Plaintiff BRIAN J. AUBIN, JR. sustained severe physical and psychological injuries as a result of the foregoing.

4. It is further alleged that the COUNTY OF SUFFOLK, including by its agencies, the SUFFOLK COUNTY POLICE DEPARTMENT and the SUFFOLK COUNTY SHERIFF'S OFFICE, and individual police officers and sheriff's officers with policy-making authority employed by the foregoing, failed to adopt adequate policies and procedures to safeguard persons

with disabilities and special needs, including autism spectrum disorder, with whom officers would likely interact, including during the course of stops, seizures, arrests and while said persons are in their custody. As a result of the failure to adopt adequate policies, said Defendants failed to adequately train or supervise officers in properly conducting stops, seizures and arrests, and in properly holding in custody, persons with disabilities and special needs, including autism spectrum disorder in a manner that is not likely to cause injury and violations of civil rights that were likely to result. The failure to adopt such policies and/or the inadequacy of the policies that were adopted evidenced said Defendants' deliberate indifference to the constitutional rights of Plaintiff BRIAN J. AUBIN, JR. and resulted in the deprivation of his rights and his injury.

5.    Plaintiff BRIAN J. AUBIN, JR. now brings this action against Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE, P.O. GREGORY SANDBICHLER, SHERIFF EROLD D. TOULON, JR., "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), said police officers and sheriff's officers being named in their individual and in their official capacity, for, among other violations, the violations of his civil rights pursuant to 42 U.S.C. §§ 1981, 1983,1985 and 1986, excessive force, assault, battery, violations of Title II of the Americans with Disabilities Act (42 U.S.C. §

12132 *et seq.*) and of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a)) based on disability discrimination and the failure to accommodate, negligence, negligent training, hiring, retention and supervision, personal injury, and violations of Plaintiff's civil rights pursuant to the United States Constitution, the New York State Constitution and New York Statutes and common law.

6.      Plaintiff BRIAN J. AUBIN, JR. seeks declaratory relief pursuant to 28 U.S.C. § 2201, declaratory and injunctive relief and compensatory damages pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794(a), compensatory and punitive damages, including for violation of plaintiff's civil rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and an award of costs, disbursements and attorney's fees under 42 U.S.C. § 12205 and 42 U.S.C. § 1988.

## JURISDICTION

7.      This action arises under violations of plaintiffs' Civil Rights protected under the United States Constitution inclusive of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and actionable pursuant to 42 U.S.C. § 1981, 1983, 1985 and 1986. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a).

8.      Plaintiff asserts jurisdiction over the COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE of all claims in this Court under 28 U.S.C. §1367. Plaintiff requests that this Court exercise supplemental jurisdiction over those state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy as do plaintiffs' federal claims pursuant to 28 U.S.C. §1367.

## VENUE

9.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the district where the claim arose.

**PARTIES**

10.     Plaintiff BRIAN J. AUBIN, JR., who suffers from multiple medically-diagnosed psychological and developmental disorders, including autism spectrum disorder, was 27 years-old and a resident of the County of Suffolk at the time of the events complained of herein.

11.     Defendant COUNTY OF SUFFOLK, was, and still is, a municipal corporation duly organized and existing under, and by virtue of, the laws of the State of New York, having its place of business within the Eastern District of New York, and included as its functions, the operation, management, control and finance of Defendants SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK COUNTY SHERIFF'S OFFICE.

12.     Defendants P.O. GREGORY SANDBICHLER and "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, were police officers employed by the SUFFOLK COUNTY POLICE DEPARTMENT, who were acting under the supervision of said department and according to their official duties.

13.     Defendants P.O. GREGORY SANDBICHLER and "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, were and still are, employed by Defendant COUNTY OF SUFFOLK as police officers of THE SUFFOLK COUNTY POLICE DEPARTMENT. They are being sued in their individual capacities and in their official capacity. They include individual

officers interacting with Plaintiff BRIAN J. AUBIN, JR. at the time of the events complained of herein. They include officers in supervisory positions who were involved in the training and supervision of those individual officers interacting with Plaintiff BRIAN J. AUBIN, JR. at the time of the events complained of herein and/or the ratification of the actions of officers involved in the events complained of herein.

14.    Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), <u>who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91),</u> were sheriff's officers employed by the SUFFOLK COUNTY SHERIFF'S OFFICE, who were acting under the supervision of said department and according to their official duties.

15.    Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), <u>who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91),</u> were and still are, employed by Defendant COUNTY OF SUFFOLK as sheriff's officers of THE SUFFOLK COUNTY SHERIFF'S OFFICE. They are being sued in their individual capacities and in their official capacity. They include individual sheriff's officers interacting with Plaintiff BRIAN J. AUBIN, JR. at the time of the events complained of herein. They include officers in supervisory positions who were involved in the training and supervision of those individual officers interacting with Plaintiff BRIAN J. AUBIN, JR. at the time of the events

complained of herein and/or the ratification of the actions of officers involved in the events complained of herein.

16. Defendant SHERIFF EROLD D. TOULON, JR., at all relevant times was, and is, the Sheriff of Suffolk County and the chief policy maker at the SUFFOLK COUNTY SHERIFF'S OFFICE. He is being sued in his individual and official capacity.

17. At all times herein mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in purported compliance with official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF SUFFOLK.

18. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of Defendant COUNTY OF SUFFOLK.

## NOTICE OF CLAIM

19. On or about November 28, 2018 and November 30, 2018, and within 90 days after the claim arose, Plaintiff BRIAN J. AUBIN, JR. caused a Notice of Claim and Amended Notice of Claim (the "Notice of Claim") to be served upon Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE.

20. The Notice of Claim was delivered to the person designated by law as a person to whom such claims may be presented and served.

21. The Notice of Claim was contained the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when the place where and the manner by which the claim arose, and the damage and injuries claimed to have been sustained.

22.    Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE have failed and refused to pay and/or adjust the claim within the statutory period of time.

23.    This action has been started within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

24.    Plaintiff BRIAN J. AUBIN, JR. is 27 years-old and suffers from autism spectrum disorder and other medically diagnosed neurological and psychological disorders.

25.    Autism spectrum disorder, according to the National Institute of Mental Health, is a neurological and developmental disorder that, among other things, affects communication and behavior. According to the Diagnostic and Statistical Manual of Mental Disorders (DSM-5), people with autism have difficulty communicating and interacting with others, restricted interests and repetitive behaviors, and symptoms that impair the person's ability to function properly in school, work, and other areas of life, including basic life skills. People with autism spectrum disorder display flat affect, lack of interest and avoidance of eye contact. People with autism have difficulty with adjusting to changes in routine, increased sensitivity to sensory input, such as light, sound, physical contact and have difficulty predicting, inferring and understanding people's actions. People with autism display repetitive verbal and physical behaviors such as repeating words or phrases, extended out-of-context focus on a specific topics or details, and repetitive movements that may be perceived as "ticks" or tremors. People with autism suffer from symptoms characteristic of other disorders such as Obsessive-Compulsive Disorder and anxiety.

26.     On September 1, 2018 at about 12:21 a.m., Plaintiff BRIAN J. AUBIN, JR., was lawfully driving a vehicle at the westbound North Sunrise Highway Service Road, Patchogue, in the Town of Brookhaven, Suffolk County, New York.

27.     At the above time and place, Defendants established a sobriety checkpoint, operated under the control, direction and supervision of Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and/or SGT. PATRICK DETWILER, where vehicle operators were directed to drive their vehicle away from the main roadway and into a parking lot, where vehicles would be stopped, and officers of THE SUFFOLK COUNTY POLICE DEPARTMENT, including Defendants GREGORY SANDBICHLER and "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and SGT. PATRICK DETWILER, would assess whether vehicle operators were under the influence of drugs or alcohol.

28.     Plaintiff BRIAN J. AUBIN, JR. entered the sobriety checkpoint, was directed to stop his vehicle and exit from his vehicle to undergo field sobriety tests. Plaintiff BRIAN J. AUBIN, JR. did stop his vehicle and exited from his vehicle to comply. Defendant P.O. GREGORY SANDBICHLER was the officer administering the field sobriety tests.

29.     At the outset, and before the start of the field sobriety tests, Plaintiff BRIAN J. AUBIN, JR., told Defendant P.O. GREGORY SANDBICHLER that he suffered from autism spectrum disorder and takes Prozac, a medication prescribed to him, daily to treat symptoms in connection with his disability.

30.     At the outset, and before the start of the field sobriety tests, Plaintiff BRIAN J. AUBIN, JR. repeatedly told Defendant P.O. GREGORY SANDBICHLER that he was

experiencing an elevation in his symptoms of autism spectrum disorder, including anxiety, difficulty communicating and understanding and following the instructions and commands being given by Defendant P.O. GREGORY SANDBICHLER.

31.     Plaintiff BRIAN J. AUBIN, JR. was also showing increased symptoms associated with autism spectrum disorder, including avoiding eye contact, displaying flat affect, looking down, engaging in repetitive speech, delaying speech, repeatedly asking for clarification of what Defendant P.O. GREGORY SANDBICHLER was saying, engaging in repetitive movements and experiencing tremors. These were observable and in fact observed by Defendant P.O. GREGORY SANDBICHLER.

32.     At that point, the foregoing conversations and interactions between Plaintiff BRIAN J. AUBIN, JR. and Defendant P.O. GREGORY SANDBICHLER, did alert or should have alerted Defendant P.O. GREGORY SANDBICHLER that Plaintiff BRIAN J. AUBIN JR. was disabled and Defendant P.O. GREGORY SANDBICHLER should have adjusted his interactions with Plaintiff BRIAN J. AUBIN JR. accordingly.

33.     Defendant P.O. GREGORY SANDBICHLER did not adjust his interactions with Plaintiff BRIAN J. AUBIN JR. and proceeded to perform field sobriety testing, raising his voice, shouting directions at Plaintiff BRIAN J. AUBIN JR., not providing clarification of instructions when asked by Plaintiff BRIAN J. AUBIN JR. and subjecting Plaintiff BRIAN J. AUBIN JR. to increased sensory stimuli, including to light and sound, further escalating the severity of Plaintiff BRIAN J. AUBIN JR.'s symptoms caused by his disability.

34.     In the course of his field sobriety testing of Plaintiff BRIAN J. AUBIN JR., Defendant P.O. GREGORY SANDBICHLER identified indications, observations and findings that

were entirely consistent with symptoms of disability and autism spectrum disorder, and not with consumption of illegal drugs or alcohol or impairment by the same.

35.    Defendant P.O. GREGORY SANDBICHLER then administered a breathalyzer test to Plaintiff BRIAN J. AUBIN JR., which gave no indication of consumption of illegal drugs or alcohol or impairment by the same.

36.    In fact, Plaintiff BRIAN J. AUBIN JR. had not consumed illegal drugs or alcohol and was not under the influence of or impaired by the same.

37.    All statements made by Plaintiff BRIAN J. AUBIN JR. and all indications given by Plaintiff BRIAN J. AUBIN JR. to Defendant P.O. GREGORY SANDBICHLER up till that point provided only indications of Plaintiff BRIAN J. AUBIN JR.'s disability due to autism spectrum disorder, not indications of consumption of illegal drugs or alcohol or impairment by the same.

38.    At that point, Defendant P.O. GREGORY SANDBICHLER, knew or should have known that Plaintiff BRIAN J. AUBIN JR. was disabled due to autism spectrum disorder and had not consumed illegal drugs or alcohol and was not impaired by the same.

39.    At that point, a properly-trained officer would have realized and would have known that Plaintiff BRIAN J. AUBIN JR. was disabled and would have proceeded accordingly in any further interactions with Plaintiff BRIAN J. AUBIN JR.

40.    At that point, Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and SGT. PATRICK DETWILER, and including supervisory officers pursuant to whose direction, command or instruction Defendant P.O. GREGORY SANDBICHLER was acting, who upon information include Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and

SGT. PATRICK DETWILER, knew or should have known that Plaintiff BRIAN J. AUBIN JR. was disabled due to autism spectrum disorder and had not consumed illegal drugs or alcohol or was impaired by the same.

41.    At that point, a properly-trained supervisory officer would have realized and would have known that Plaintiff BRIAN J. AUBIN JR. was disabled and would have proceeded accordingly in any further interactions with Plaintiff BRIAN J. AUBIN JR.

42.    Defendant P.O. GREGORY SANDBICHLER and Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and SGT. PATRICK DETWILER, including supervisory officers pursuant to whose direction, command or instruction Defendant P.O. GREGORY SANDBICHLER was acting, including Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and SGT. PATRICK DETWILER, were not adequately trained on recognizing Plaintiff BRIAN J. AUBIN JR.'s disability due to autism spectrum disorder and/or on dealing with encounters involving disabled individuals suffering from autism spectrum disorder, such as the encounter with Plaintiff BRIAN J. AUBIN JR.

43.    Defendant P.O. GREGORY SANDBICHLER and Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and SGT. PATRICK DETWILER, including supervisory officers pursuant to whose direction, command or instruction Defendant P.O. GREGORY SANDBICHLER was acting, including Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and SGT. PATRICK DETWILER, instead proceeded to act as if Plaintiff BRIAN J.

AUBIN JR. engaged in criminal activity, namely consumption of illegal drugs or alcohol or impairment by the same while operating a motor vehicle.

44.     Defendant P.O. GREGORY SANDBICHLER, without probable cause, reasonable suspicion, justification or warning, along with another officer on scene, who is identified herein as a member of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN and/or SGT. PETER SCHEUERER, then grabbed Plaintiff BRIAN J. AUBIN JR.'s left hand and arm, lifted it upwards behind his back and proceeded to place handcuffs on his right wrist.

45.     Predictably, Plaintiff BRIAN J. AUBIN JR., asking why officers were pulling on his hand, attempted to turn away from the officers. This was predictable because people with autism often have hypersensitivity to sensory stimuli and input such as touch, a condition known as sensory or tactile defensiveness. This is a common symptom of autism spectrum disorder and manifests itself by producing unusual processing of sensory input, including touching and especially unexpected touching. This results in great anxiety, discomfort and even physical pain from being touched, and causes avoidance of such tactile sensory input by autistic people.

46.     Plaintiff BRIAN J. AUBIN JR. did not resist arrest.

47.     Plaintiff BRIAN J. AUBIN JR. did not struggle with Defendants.

48.     Plaintiff BRIAN J. AUBIN JR. did not fight or strike any of the Defendants.

49.     Defendants were all significantly larger in height and weight than Plaintiff BRIAN J. AUBIN JR.

50.     Defendant P.O. GREGORY SANDBICHLER, along with another officer on scene, who is identified herein as a member of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE

SUFFOLK COUNTY POLICE DEPARTMENT), <u>who upon information is identified as Defendant P.O. ROBERT J. MUDZINSKI,</u> nonetheless proceeded to throw Plaintiff BRIAN J. AUBIN JR. to the ground, whereupon other officers identified herein as Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), <u>who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN and SGT. PETER SCHEUERER,</u> proceeded to assault, batter, strike, beat, tackle, knee and step on Plaintiff BRIAN J. AUBIN JR., and then to wrench his arm and handcuff him.

51.      Plaintiff BRIAN J. AUBIN JR. was then placed in into a police car by Defendant P.O. GREGORY SANDBICHLER, and was taken to the Suffolk County Police Department, Fifth Precinct.

52.      At the Suffolk County Police Department, Fifth Precinct, Plaintiff BRIAN J. AUBIN JR. did have his blood drawn, pursuant to a request by Defendant P.O. GREGORY SANDBICHLER, which noted that a drugs analysis was being requested for "Prozac and Other Controlled Substances". The results of said blood test did confirm that Plaintiff BRIAN J. AUBIN JR. had not consumed any illegal drugs or alcohol and was not impaired by the same at the time of his arrest.

53.      At the Suffolk County Police Department, Fifth Precinct, Plaintiff BRIAN J. AUBIN JR. requested to be taken to South Oaks Hospital for psychiatric treatment, but this request was dismissed and/or denied, including by Defendant P.O. GREGORY SANDBICHLER <u>and by, or at the direction of, Defendant SGT. DAVID HENDERSON,</u> and no psychiatric treatment or psychiatric crisis intervention treatment was provided to Plaintiff BRIAN J. AUBIN JR.

54.     At the Suffolk County Police Department, Fifth Precinct, while being processed by Defendant P.O. GREGORY SANDBICHLER, Plaintiff BRIAN J. AUBIN JR. made phone calls, but was not able to get in touch with his family.

55.     Following several failed attempts to reach his family members by phone, Plaintiff BRIAN J. AUBIN JR., requested Defendant P.O. GREGORY SANDBICHLER and/or Defendant P.O. STEVEN TURNER additional time for making phone calls, a request that was also denied.

56.     After verbal interactions between Plaintiff BRIAN J. AUBIN JR. and Defendant P.O. GREGORY SANDBICHLER and/or Defendant STEVEN TURNER, wherein Plaintiff BRIAN J. AUBIN JR. engaged in repetitive verbal requests for additional phone calls, and during which Plaintiff BRIAN J. AUBIN JR. was handcuffed, seated and not being confrontational, not resisting, not struggling, not fighting, and not being a danger to himself or to others, a police officer, who is believed to be a white male of medium build and is believed to have had a shaved head, who is identified herein as a member of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information is identified as Defendant P.O. STEVEN TURNER, proceeded, without provocation, to approach Plaintiff BRIAN J. AUBIN JR. from behind, wrenched his arm behind his back, and forcefully bend him down, slamming his chest and head into the table at which Plaintiff BRIAN J. AUBIN JR. had been seated, and upon doing so told Plaintiff BRIAN J. AUBIN JR. words akin to "I'll teach you how to listen", and/or otherwise assaulted, battered, struck and intimidated Plaintiff BRIAN J. AUBIN JR.

57.     The foregoing conduct was done in the presence of and/or ratified by and/or participated in by Defendant P.O. GREGORY SANDBICHLER and supervisory officers pursuant to whose direction, command or instruction said conduct was taken, identified herein as Defendant "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who

upon information includes Defendant SGT. DAVID HENDESON, and said Defendants acquiesced in and did not intervene in said conduct.

58.     At the point when the foregoing conduct occurred, Defendant P.O. GREGORY SANDBICHLER and Defendant "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), including Defendants P.O. STEVEN TURNER and supervising officer SGT. DAVID HENDERSON, knew or should have known that Plaintiff BRIAN J. AUBIN JR. was disabled due to autism spectrum disorder based on his statements and interactions.

59.     At the point when the foregoing conduct occurred, a properly-trained officer would have realized and would have known that Plaintiff BRIAN J. AUBIN JR. was disabled and would have proceeded accordingly in any interactions with Plaintiff BRIAN J. AUBIN JR.

60.     At the point when the foregoing conduct occurred, Defendant P.O. GREGORY SANDBICHLER and Defendant "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), including Defendants P.O. STEVEN TURNER and supervising officer SGT. DAVID HENDERSON, nonetheless engaged in the foregoing conduct resulting in physical injury and psychological injury to Plaintiff, and said Defendants acquiesced in and did not intervene in said conduct.

61.     In the morning, Plaintiff BRIAN J. AUBIN JR. was transported to Suffolk County First District Court, where he was transferred into the custody of Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, and more specifically Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91).

62.    Plaintiff BRIAN J. AUBIN JR. on several occasions following his arrival at the Suffolk County First District Court informed Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and/or D.S. JONATHAN IOVINO, that he suffered from autism spectrum disorder.

63.    Plaintiff BRIAN J. AUBIN, JR. was also showing increased symptoms associated with autism spectrum disorder, including avoiding eye contact, displaying flat affect, looking down, engaging in repetitive speech, delaying speech, repeatedly asking for clarification of what Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, and/or D.S. JONATHAN IOVINO, were telling him, engaging in repetitive movements and experiencing tremors. These were observable to Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. and JONATHAN IOVINO.

64.    At that point, the conversations and interactions between Plaintiff BRIAN J. AUBIN, JR. and Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO, did alert or should have alerted Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO, that Plaintiff BRIAN J. AUBIN JR. was disabled and Defendants

"JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), <u>who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO,</u> should have adjusted their interactions with Plaintiff BRIAN J. AUBIN JR. accordingly.

65.    Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), <u>who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO,</u> knew or should have known that Plaintiff BRIAN J. AUBIN JR. was disabled due to autism spectrum disorder.

66.    At that point, a properly-trained officer would have realized and would have known that Plaintiff BRIAN J. AUBIN JR. was disabled and would have proceeded accordingly in any further interactions with Plaintiff BRIAN J. AUBIN JR.

67.    During a pat-down and search procedure that took place outside of a cell, Plaintiff BRIAN J. AUBIN JR. was unable to follow the instructions and simulate the placement of his hands and feet as was being ordered to him by Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), <u>who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO,</u> and in doing so engaged in repetitive physical and verbal behaviors that were consistent with autism spectrum disorder including repeating requests for additional instruction, clarification and explanation.

68.    The procedure that Plaintiff BRIAN J. AUBIN JR. was directed to perform required him to place his hands against the wall with his feet apart and his back facing Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), <u>who upon</u>

information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and/or D.S. JONATHAN IOVINO,.

69.     When Plaintiff BRIAN J. AUBIN JR. attempted to turn towards Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO, to verbally request additional instruction on performing the procedure due to his symptoms associated with autism spectrum disorder, and during which Plaintiff BRIAN J. AUBIN JR. was not being confrontational, not resisting, not struggling, not fighting, and not being a danger to himself or to others, Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO, did not provide the further instruction, but instead without provocation shoved Plaintiff BRIAN J. AUBIN JR. to the ground, whereupon they proceeded to assault, batter, beat and punch him while he was on the ground, wrenching his arm upwards and handcuffing him.

70.     Plaintiff BRIAN J. AUBIN JR. did not resist.

71.     Plaintiff BRIAN J. AUBIN JR. did not struggle with Defendants.

72.     Plaintiff BRIAN J. AUBIN JR. did not fight or strike any of the Defendants.

73.     Defendants were all significantly larger in height and weight than Plaintiff BRIAN J. AUBIN JR.

74.     Upon Plaintiff BRIAN J. AUBIN JR. being brought up to his feet in handcuffs, and while being walked out of the room by and alongside a certain white male corrections officer, who was believed to have had a shaved head and was of medium build, who is identified herein as a

member of Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information is identified as Defendant D.S. NICHOLAUS BLANCHARD, and while Plaintiff BRIAN J. AUBIN JR. was handcuffed and not being confrontational, not resisting, not struggling, not fighting, and not being a danger to himself or to others, said corrections officer grabbed Plaintiff BRIAN J. AUBIN JR.'s head and forcefully shoved it into and along a portion of a wall and then into cell bars while telling him words akin to "don't fuck with me" and/or otherwise assaulted, battered, struck, beat and intimidated Plaintiff BRIAN J. AUBIN JR. Said action was done with such force that a portion of the cartilage in Plaintiff BRIAN AUBIN JR.'s ear detached from the remainder of his left ear, requiring emergency medical treatment, including at a hospital, while still in the custody of THE SUFFOLK COUNTY SHERIFF'S OFFICE.

75.     Plaintiff BRIAN J. AUBIN JR. did not resist.

76.     Plaintiff BRIAN J. AUBIN JR. did not struggle with said Defendant.

77.     Plaintiff BRIAN J. AUBIN JR. did not fight or strike said Defendant.

78.     Said Defendant was significantly larger in height and weight than Plaintiff BRIAN J. AUBIN JR.

79.     The foregoing conduct was done in the presence of and/or ratified by and/or participated in by other members of Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, and supervisory officers pursuant to whose direction, command or instruction said conduct was taken, also identified herein as Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include SHERIFF'S

OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), and said Defendants acquiesced in and did not intervene in said conduct.

80.     At the point when the foregoing conduct occurred, Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), knew or should have known that Plaintiff BRIAN J. AUBIN JR. was disabled due to autism spectrum disorder based on his statements and interactions.

81.     At the point when the foregoing conduct occurred, a properly-trained officer would have realized and would have known that Plaintiff BRIAN J. AUBIN JR. was disabled and would have proceeded accordingly in any interactions with Plaintiff BRIAN J. AUBIN JR and/or would not have engaged in the conduct complained of.

82.     At the point when the foregoing conduct occurred, Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), nonetheless engaged in the foregoing conduct resulting in physical injury and psychological injury to Plaintiff.

83.     Plaintiff BRIAN J. AUBIN JR. remained under arrest by Defendants and within the custody of Defendants for a period of approximately 15 hours before being released.

84.     Plaintiff BRIAN J. AUBIN JR. suffered from the physical effects and psychological effects of being assaulted, battered, stuck, beaten and intimidated.

85.     Plaintiff BRIAN J. AUBIN JR. suffered from severe physical injuries and psychological injuries as a result of the aforementioned events, which required and continue to require, medical treatment and caused, and continue to cause, him to incur the costs for medical care.

86.     Plaintiff BRIAN J. AUBIN JR. was charged with operating a motor vehicle while impaired by drugs and resisting arrest, neither of which he was guilty of committing.

87.     Plaintiff BRIAN J. AUBIN JR. was jailed, photographed, finger printed and was required to appear in Criminal Court to answer these charges and defend against them, requiring him to incur the costs of defending against said charges and hiring a lawyer to do so.

88.     Charges brought against Plaintiff BRIAN J. AUBIN JR. were dismissed.

89.     Plaintiff BRIAN J. AUBIN JR. was arrested, charged and imprisoned by Defendants even though he had committed no crime and Defendants knew or should have known that there was no probable cause or reasonable basis for believing that Plaintiff had committed any crime.

90.     Plaintiff BRIAN J. AUBIN JR. sustained physical and psychological injury as a result of the physical assault and battery upon him by Defendants. Plaintiff BRIAN J. AUBIN JR. also sustained great emotional harm as a result of the assault, battery, arrest, imprisonment and prosecution against him, all predicated on the acts of Defendants. Plaintiff BRIAN J. AUBIN JR. also suffered disgrace, embarrassment, loss of self-esteem and emotional harm as a result of the assault, battery, arrest, imprisonment and prosecution against him.

91.     Plaintiff BRIAN J. AUBIN JR. was, on the basis of his disability, including autism spectrum disorder, was subjected to discrimination by, and excluded from participation in and denied the benefits of public services, programs and activities of public entities by reason of his disability, by reason of the conduct of Defendants.

92.     As a result, Plaintiff BRIAN J. AUBIN JR. sustained physical and psychological injury as a result of Defendants' conduct. Plaintiff BRIAN J. AUBIN JR. also sustained great emotional harm a as a result of Defendants' conduct. Plaintiff BRIAN J. AUBIN JR. also suffered disgrace, embarrassment, loss of self-esteem, emotional harm and damage to his reputation as a result of Defendants' conduct.

**AS FOR FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON FALSE ARREST AND IMPRISONMENT**

93.     Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

94.     At all times herein mentioned, Defendants were acting under color of state law.

95.     Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), are being sued in their individual capacity for purposes of this cause of action.

96.     Plaintiff BRIAN J. AUBIN JR. had rights secured by United States Constitution and laws of the United States to be free from illegal and unreasonable searches and seizures.

97.     As a result of the aforementioned actions, including the stop, arrest and detention of plaintiff without reasonable suspicion or probable cause, the Defendants deprived Plaintiff BRIAN J. AUBIN JR., of the rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

98.     As a result of the aforementioned actions, Defendants deprived Plaintiff BRIAN J. AUBIN JR., of the right to be free from unreasonable search and seizures secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

99.     As a result of the aforementioned actions, Defendants individually deprived Plaintiff BRIAN J. AUBIN JR., of his right to liberty without due process of law secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

100.    As a result of the aforementioned actions, including the entirely lawful conduct on the basis of which Plaintiff was seized, arrested and imprisoned, the discriminatory justifications given by Defendants therefor, and the patently offensive and disparaging remarks and conduct of Defendants during the aforementioned seizure, arrest and imprisonment of Plaintiff BRIAN J. AUBIN JR, the Defendants individually deprived Plaintiff BRIAN J. AUBIN JR. of Equal Protection under the Law secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

101.    The aforementioned conduct was instigated and conducted by Defendants for other than lawful reasons, not in good faith and without probable cause and/or lawful or reasonable justification.

102.    Defendants failed to intervene to prevent the unlawful conduct described herein.

103.    The aforementioned Constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

104.    The aforementioned acts of Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to Plaintiff's rights.

105.    As a result of the foregoing, plaintiff has suffered damages.

**AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON USE OF EXCESSIVE FORCE**

106.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

107.    At all times herein mentioned, Defendants were acting under color of state law.

108.    Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER and Defendant P.O. STEVEN TURNER, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM and D.S. JONATHAN IOVINO, are being sued in their individual capacity for purposes of this cause of action.

109.    Plaintiff BRIAN J. AUBIN JR. had rights secured by United States Constitution and laws of the United States to be free from illegal and unreasonable searches and seizures, including the right to be free from being subjected to excessive force, being including unjustifiably injured.

110.    As a result of the aforementioned actions, including the use of excessive physical force upon Plaintiff BRIAN J. AUBIN JR., Defendants individually deprived Plaintiff BRIAN J.

AUBIN JR. of the rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

111.    As a result of the aforementioned actions, Defendants individually deprived Plaintiff BRIAN J. AUBIN JR., of the right to be free from unreasonable seizures secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

112.    As a result of the aforementioned actions, Defendants individually deprived Plaintiff BRIAN J. AUBIN JR, of his right to liberty without due process of law secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

113.    As a result of the aforementioned actions, including the entirely lawful conduct on the basis of which Plaintiff was seized, arrested and imprisoned, the discriminatory justifications given by Defendants therefor, and the patently offensive and disparaging remarks and conduct of Defendants during the aforementioned seizure, arrest and imprisonment of Plaintiff BRIAN J. AUBIN JR, the Defendants individually deprived Plaintiff BRIAN J. AUBIN JR. of Equal Protection under the Law secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

114.    The amount and type of physical force used upon Plaintiff BRIAN J. AUBIN JR. by defendants was unnecessary, improper, excessive and not reasonably justified under any circumstances

115.    The aforementioned conduct was instigated and conducted by Defendants for other than lawful reasons, not in good faith and without probable cause and/or lawful or reasonable justification.

116.    The aforementioned Constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

117.    The aforementioned acts of Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

118.    The aforementioned acts of Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to Plaintiff's medical condition and disability, resulting in an excessive risk to Plaintiff's health and safety.

119.    Defendants failed to intervene to prevent the unlawful conduct described herein.

120.    The aforementioned use of force caused immediate injury in the form of physical and emotional pain, suffering, bruises, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's Constitutional rights.

121.    As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO LIFE AND LIBERTY UNDER THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON THE DEFENDANTS' FAILURE TO PROVIDE MEDICAL TREATMENT**

122.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

123.    At all times herein mentioned, Defendants were acting under color of state law. Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S

OFFICE SGT. BRIAN WEINFELD (S-91), are being sued in their individual capacity for purposes of this cause of action.

124.    As a result of the aforementioned actions, including the failure of defendants to provide emergency psychiatric treatment to Plaintiff when requested to do so, Defendants individually deprived plaintiff, BRIAN J. AUBIN JR., of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourteenth Amendments;

125.    Plaintiff BRIAN J. AUBIN JR. had rights secured by United States Constitution and laws of the United States to be free from illegal and unreasonable searches and seizures, including the right to be free from seizures that would unreasonably endanger the health and well-being and cause unjustified injury.

126.    As a result of the aforementioned actions, including the refusal to provide medical treatment in the form of emergency psychiatric treatment to Plaintiff BRIAN J. AUBIN JR., Defendants individually deprived Plaintiff BRIAN J. AUBIN JR. of the rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

127.    As a result of the aforementioned actions, Defendants individually deprived Plaintiff BRIAN J. AUBIN JR., of the right to be free from unreasonable seizures secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

128.    As a result of the aforementioned actions, Defendants individually deprived Plaintiff BRIAN J. AUBIN JR, of his right to life and liberty without due process of law secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and laws of the United States.

129.   The aforementioned conduct was instigated and conducted by Defendants for other than lawful reasons, not in good faith and without probable cause and/or lawful or reasonable justification.

130.   The aforementioned Constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

131.   The aforementioned acts of Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being;

132.   The aforementioned failure to provide medical treatment caused immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of plaintiff's Constitutional rights.

133.   As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132) AND SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794(a)) - DISCRIMINATION**

134.   Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

135.   Title II of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12132) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

136.   Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a)) provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason

of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

137.   Plaintiff BRIAN J. AUBIN JR. was and is an individual with a disability under the law.

138.   Plaintiff BRIAN J. AUBIN JR. has autism spectrum disorder, a physical and mental impairment that substantially limits one or more of his major life activities, including learning, concentrating, communicating, and interacting with others.

139.   Plaintiff, as a disabled individual, is qualified under the ADA and the Rehabilitation Act of 1973 to be free from discrimination by a public entity.

140.   Defendant COUNTY OF SUFFOLK is a public entity.

141.   Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), knew or should have known of Plaintiff BRIAN J. AUBIN JR.'s disability.

142.   Defendants seized, arrested and/or imprisoned Plaintiff BRIAN J. AUBIN JR. because of his disability and/or conduct related to his disability, and specifically for exhibiting symptoms of his disability.

143.    Defendants used excessive force upon Plaintiff BRIAN J. AUBIN JR. because of his disability and/or conduct related to his disability, including but not limited to by reason of exhibiting symptoms of his disability.

144.    Defendants discriminated against Plaintiff BRIAN J. AUBIN JR. for his disability, including in that all similarly situated individuals suffering from disability as was Plaintiff BRIAN J. AUBIN JR., namely autism spectrum disorder, would by Defendants' standards, procedures, criteria and actions, presumptively be under the influence of drugs and arrested for the same as was Plaintiff BRIAN J. AUBIN, JR.

145.    Defendants excluded Plaintiff BRIAN J. AUBIN JR. from participation in and/or denied him the benefits of services, programs and/or activities by reason of his disability.

146.    Defendants' discriminatory treatment of Plaintiff BRIAN J. AUBIN JR. on the basis of his disability was a proximate cause of his injuries, physical, psychological and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Constitutional rights as aforesaid.

147.    As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132) AND SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794(a)) - FAILURE TO ACCOMODATE**

148.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

149.    Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN,

SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), knew or should have known of Plaintiff BRIAN J. AUBIN JR.'s disability.

150. Defendants had a duty under the ADA and the Rehabilitation Act of 1973 to provide Plaintiff BRIAN J. AUBIN JR. a reasonable accommodation upon learning of his disability.

151. Defendants violated their duty by failing to offer reasonable accommodation to Plaintiff BRIAN J. AUBIN JR. upon learning of his disability.

152. Defendants, including the COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE, SHERIFF EROLD D. TOULON, JR., and other individuals at policy-making and decision-making levels who are members of "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), violated their duty by failing to employ or implement policies so as to afford reasonable accommodation to disabled individuals.

153. Accommodation was feasible and reasonable, and includes, but not be limited to matters relating to engaging in alternate means of communication, instruction, interaction, avoiding

excessive sensory stimulation and employing alternative means for conducting investigatory stops, sobriety checkpoints and methods for ascertaining whether disabled individuals are under the influence of or impaired by drugs, as opposed to exhibiting symptoms of autism spectrum disorder, and in interacting with disabled individuals who are seized, arrested and imprisoned.

154.    Defendants' failure to accommodate Plaintiff BRIAN J. AUBIN JR. resulted in seizure, arrest and imprisonment of Plaintiff BRIAN J. AUBIN JR. because of his disability and/or conduct related to his disability, and specifically for exhibiting symptoms of his disability, and not for illegal conduct.

155.    Defendants' failure to accommodate Plaintiff BRIAN J. AUBIN JR. resulted in Defendants' use of excessive force upon Plaintiff BRIAN J. AUBIN JR. because of his disability and/or conduct related to his disability, including but not limited to by reason of exhibiting symptoms of his disability.

156.    Defendants' discriminatory treatment of Plaintiff BRIAN J. AUBIN JR. on the basis of his disability was a proximate cause of his injuries, physical, psychological and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Constitutional rights as aforesaid.

157.    As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS**

158.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

159.    As a result of the aforementioned actions, Defendants, in particular the superior police officers, superior sheriff's officers, including Defendant SHERIFF EROLD D. TOULON,

JR., and those members of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), who had supervisory authority over the individual Defendants, individually, failed to intervene to prevent or end the unlawful and unconstitutional conduct inflicted upon Plaintiff BRIAN J. AUBIN JR. by Defendants.

160.    The aforementioned Constitutional violations are all actionable under and pursuant to 42 U.S.C. § 1981, 1983, 1985 and 1986.

161.    The aforementioned acts of Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical and psychological well-being.

162.    The aforementioned failure to intervene caused Plaintiff BRIAN J. AUBIN JR. immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Constitutional rights as aforesaid.

163.    As a result of the foregoing, defendants, individually and/or vicariously by and through their agents, servants and/or employees acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to Plaintiffs' rights and physical well-being.

164.    As a result of the foregoing, Plaintiffs has suffered damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR ASSAULT UNDER STATE LAW**

165.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

166.    As a result of the foregoing, Defendants, including but not limited to, P.O. GREGORY SANDBICHLER, P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, P.O. STEVEN TURNER, D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, and D.S. JONATHAN IOVINO, individually and/or Defendants, including but not limited to, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, SGT. DAVID HENDERSON, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), vicariously, by and through their agents, servants and employees, placed Plaintiff BRIAN J. AUBIN, JR. in apprehension of imminent harmful and offensive contact, thereby committing an assault upon him.

167.    As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR BATTERY UNDER STATE LAW**

168.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

169.    As a result of the foregoing, Plaintiff BRIAN J. AUBIN, JR. was without just cause or provocation, maliciously, and intentionally battered, physically abused, handcuffed, shoved, hit and beaten, causing serious injury to Plaintiff BRIAN J. AUBIN, JR.

170.    That at the time and place aforesaid, the Defendants, including but not limited to, P.O. GREGORY SANDBICHLER, P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, P.O. STEVEN TURNER, D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, and D.S. JONATHAN IOVINO, individually and/or Defendants, including but not limited to, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, SGT. DAVID HENDERSON, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), vicariously, by and through their agents, servants and employees, without just cause or provocation, maliciously, recklessly, and/or intentionally battered, physically abused, handcuffed and beat Plaintiff BRIAN J. AUBIN, JR. causing serious injury to Plaintiff BRIAN J. AUBIN, JR.

171.    That the occurrence and injuries sustained by plaintiff, were caused solely by the malicious, reckless, and/or intentional conduct of the Defendants, individually and/or vicariously by and through their, agents, servants and/or employees, without any provocation on the part of the Plaintiff BRIAN J. AUBIN, JR., contributing thereto;

172.    As a result of the foregoing, Plaintiff has suffered damages;

**AS AND FOR AN NINTH CAUSE OF ACTION FOR
FALSE ARREST AND IMPRISONMENT UNDER STATE LAW**

173.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

174.    As a result of the foregoing, Plaintiff BRIAN J. AUBIN JR. was, without just cause or provocation, maliciously, recklessly, and/or intentionally arrested, handcuffed, restricted in

movement, detained and imprisoned without probable cause, or justification in law or otherwise resulting in serious physical and emotional injury to plaintiff.

175.    That at the time and place aforesaid, the Defendants, including but not limited to, P.O. GREGORY SANDBICHLER, P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, P.O. STEVEN TURNER, D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, and D.S. JONATHAN IOVINO, individually and/or Defendants, including but not limited to, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, SGT. DAVID HENDERSON, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), vicariously, by and through their agents, servants and employees, without just cause or provocation, maliciously, recklessly, and/or intentionally and unlawfully arrested, handcuffed and imprisoned Plaintiff BRIAN J. AUBIN JR. without probable cause, or justification in law or otherwise resulting in serious physical and emotional injury.

176.    That the occurrence and injuries sustained by Plaintiff BRIAN J. AUBIN, JR. were caused solely by the malicious, reckless, and/or intentional conduct of the Defendants, individually and/or vicariously by and through their agents, servants and/or employees, without any provocation on the part of the Plaintiff BRIAN J. AUBIN, JR. contributing thereto.

177.    As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR A TENTH CAUSE OF ACTION FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW**

178.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

179.   As result of the foregoing, Defendants, including but not limited to, P.O. GREGORY SANDBICHLER, P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, P.O. STEVEN TURNER, D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, and D.S. JONATHAN IOVINO, individually and/or Defendants, including but not limited to, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, SGT. DAVID HENDERSON, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), vicariously, by and through their agents, servants and employees, intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society, thereby inflicting mental and emotional distress upon Plaintiff BRIAN J. AUBIN JR.

180.   As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR**
**NEGLIGENT HIRING, SUPERVISION AND RETENTION**

181.   Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

182.   That at all times hereinafter mentioned, the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., by their agents, servants and/or employees carelessly, negligently, and recklessly hired applicants for the position of police officers and/or sheriff's officers.

183.   That at all times hereinafter mentioned, the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S

OFFICE and SHERIFF EROLD D. TOULON, JR., by their agents, servants and/or employees carelessly, negligently, and recklessly trained applicants for the position of police officers and/or sheriff's officers.

184.    That at all times hereinafter mentioned, the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., by their agents, servants and/or employees carelessly, negligently, and recklessly retained, supervised, controlled, managed and screened applicants for the position of police officers and/or sheriff's officers.

185.    That at all times hereinafter mentioned, the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., by their agents, servants and/or employees caused, permitted and allowed its police officers and sheriff's officers to act in an illegal, unprofessional and/or negligent manner in carrying out their official duties and/or responsibilities.

186.    That at all times hereinafter mentioned, the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., by their agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers and sheriff's officers unfit for the position, who acted in an illegal, unprofessional and/or negligent manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

187.    That at the time and place aforesaid, the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., by its agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally assaulted, battered,

physically abused, falsely arrested, handcuffed, imprisoned, beat and denied medical treatment to Plaintiff BRIAN J. AUBIN, JR., and otherwise engaged in deprivations of his Constitutional and civil rights, causing serious personal injury to Plaintiff BRIAN J. AUBIN JR.

188.    That the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent and/or intentional conduct of the Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., its agents, servants and/or employees as set forth above, without any provocation on the part of the plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendants hired, trained, supervised, controlled, managed, and retained its police officers and sheriff's officers.

189.    As a result of the foregoing, plaintiff has suffered damages.

### AS AND FOR A TWELFTH CAUSE OF ACTION FOR NEGLIGENCE

190.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

191.    Individual Defendants, including Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S

OFFICE SGT. BRIAN WEINFELD (S-91), were at all times herein mentioned agents, servants and/or employees of COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR.

192.     Defendants, including Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), individually owed Plaintiff BRIAN J. AUBIN, JR. a duty of care.

193.     Defendants, including Defendant P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S

OFFICE SGT. BRIAN WEINFELD (S-91), individually, were negligent and/or grossly negligent in the performance of their duty owed to Plaintiff BRIAN J. AUBIN JR.

194.    As a result of the foregoing, Plaintiff has suffered injuries and damages as aforesaid.

195.    That the negligence and/or gross negligence on the part of Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), individually, was a proximate cause of the injuries and damages sustained by Plaintiff BRIAN J. AUBIN JR.

196.    That the occurrence and injuries and damages sustained by Plaintiff BRIAN J. AUBIN JR., were caused solely by, and as a result of the negligence and/or gross negligence on the part of Defendants P.O. GREGORY SANDBICHLER, "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants P.O. ROBERT J. MUDZINSKI, P.O. JAMES WEIK, CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER, P.O. STEVEN TURNER and SGT. DAVID HENDERSON, and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants D.S. NICHOLAUS BLANCHARD, D.S. ROBERT PAASCH, D.S. SAMANTHA KETCHAM, D.S. JONATHAN

IOVINO, SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), individually, without any provocation or actions on the part of the Plaintiff contributing thereto.

197.    That Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE SUFFOLK COUNTY SHERIFF'S OFFICE and SHERIFF EROLD D. TOULON, JR., are liable for the injuries and damages sustained by Plaintiff BRIAN J. AUBIN JR. under the theory of *respondeat superior*.

198.    As a result of the foregoing, plaintiff has suffered damages.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 (*MONELL* CLAIMS)**

199.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

200.    Defendants COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, were, at all times herein mentioned, municipal entities and/or departments thereof, empowered to act by operation of state law and acting under the color of state law.

201.    Defendant COUNTY OF SUFFOLK was, at all times herein mentioned, responsible for establishing policies, usages, practices, customs, procedures and rules for THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, and for the conduct of individuals employed thereat, who were empowered to so act by said Defendants and acting under the color of state law.

202.    Defendants COUNTY OF SUFFOLK, at all times herein mentioned, established policies, usages, practices, customs, procedures and rules for THE SUFFOLK COUNTY POLICE

DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, and for the conduct of individuals employed thereat, who were empowered to so act by said Defendants and acting under the color of state law.

203.    Defendants SHERIFF EROLD D. TOULON, JR., and certain individuals with policy-making authority or decision-making authority, identified herein as members of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER and SGT. DAVID HENDERSON,  and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), were, at all times herein mentioned, responsible for establishing policies, usages, practices, customs, procedures and rules for THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, and for the conduct of individuals employed thereat, who were empowered to so act by said Defendants and acting under the color of state law.

204.    Defendants SHERIFF EROLD D. TOULON, JR., and certain individuals with policy-making authority or decision-making authority, identified herein as members of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER and SGT. DAVID HENDERSON,  and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), at all times herein mentioned, established policies, usages, practices,

customs, procedures and rules for THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, and for the conduct of individuals employed thereat, who were empowered to so act by said Defendants and acting under the color of state law.

205.    Defendants COUNTY OF SUFFOLK, SHERIFF EROLD D. TOULON, JR., and certain individuals with policy-making authority or decision-making authority, identified herein as members of Defendants "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information include Defendants CAPT. PATRICK MAHAN, SGT. PETER SCHEUERER, SGT. PATRICK DETWILER and SGT. DAVID HENDERSON,  and "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information include Defendants SHERIFF'S OFFICE SGT. THOMAS LITTS (S-60) and SHERIFF'S OFFICE SGT. BRIAN WEINFELD (S-91), were at all times familiar with established policies, usages, practices, customs, procedures and rules for THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, and for the conduct of individuals employed thereat.

206.    Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a policy, usage, practice, custom, procedure and rule of the respective municipal authority, or department thereof, which is unlawful and in violation of the United States Constitution.

207.    Said policy, usage, practice, custom, procedure and rule included the failure to properly institute, require and enforce proper and adequate training and supervision on interacting and dealing, in a non-discriminatory manner, with individuals with disabilities, including particularly those with autism spectrum disorder, when the need for such training and supervision was obvious.

208.   Defendants' failure to properly train and supervise its employees resulted in a violation of Plaintiff BRIAN J. AUBIN JR.'s Constitutional rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments.

209.   More specifically, Defendants failed to train their employees on recognizing signs and symptoms of autism spectrum disorder, and on interacting with people suffering from autism spectrum disorder, so as to distinguish disabled individuals suffering from the disorder from a drug user acting under the influence of drugs.

210.   Defendants further failed to train their employees on taking actions to avoid escalating situations involving people suffering from autism spectrum disorder, such as by avoiding engaging in unwarranted and unnecessary touching and excessive sensory stimulation of individuals with autism spectrum disorder, which is known to result in sensory avoiding reactions and aggravation of symptoms of autism spectrum disorder.

211.   Defendants further failed to train their employees on techniques for adequately communicating with individuals with autism spectrum disorder, and on understanding barriers to effective communication with individuals with autism spectrum disorder such that repetitive speech and actions by people with autism spectrum disorder would not be perceived as hostile or in violation of directions or instructions being given by officers during interactions.

212.   Defendants further failed to train their employees on techniques for avoiding confrontations and refraining from using unwarranted and excessive force and intimidation in confronting people with autism spectrum disorder, verbally and physically.

213.   The foregoing policy, usage, practice, custom, procedure and rules of Defendants COUNTY OF SUFFOLK, SHERIFF EROLD D. TOULON, JR. and their departments, including THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S

OFFICE, constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff BRIAN J. AUBIN JR.

214.    Defendants COUNTY OF SUFFOLK, SHERIFF EROLD D. TOULON, JR. and departments under their control, including THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, engaged in a policy, of inadequate screening, hiring, retaining, training and supervising its employees, which were the cause of the violations of Plaintiff BRIAN J. AUBIN JR.'s rights as set forth herein, evidencing a deliberate indifference to the acts and conduct complained of herein.

215.    In addition, Defendants COUNTY OF SUFFOLK, SHERIFF EROLD D. TOULON, JR. and departments under their control, including THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE have tacitly and constructively acquiesced, authorized and ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

216.    Prior incidents from which lawsuits arose occurred involving people with autism spectrum disorder were telling of a pattern of conduct evidencing the foregoing.

217.    In 2013, an individual with autism, Cameron Scher, filed a lawsuit against the County of Suffolk, alleging violations of his civil rights, including false arrest, arising out of an incident where he was pulled over and accused of being under the influence of drugs. Mr. Scher was administered field sobriety tests and on the basis of the field tests and the officers' interactions with Mr. Scher, the officers concluded that Mr. Scher was under the influence of drugs and arrested him. A blood test conducted at the police station in that case showed, just as it did here, that Mr. Sher was not under the influence of drugs. That action was brought in Suffolk County Supreme Court under Index No. 14338/2012.

218.    Another incident that took place in 2013 involved an individual with autism spectrum disorder who was alleged to have died as a result to actions of officers of the Suffolk County Police Department, who responded to an emergency call and confronted him. Allegations were made of constitutional violations, including the lack of training in dealing with autistic individuals and excessive force employed by officers of the Suffolk County Police Department in responding to the call regarding autistic man, which escalated the situation to the point where the individual had to be repeatedly electrocuted with a taser, pepper-sprayed and subdued and died during the encounter. That action was brought in the Eastern District of New York under Case No. 2:14-cv-03884.

219.    The acts complained of were carried out by the aforementioned individual defendants under the color of state law in their capacities as police officers, corrections officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK, SHERIFF EROLD D. TOULON, JR. and departments under their control, including THE SUFFOLK COUNTY POLICE DEPARTMENT and THE SUFFOLK COUNTY SHERIFF'S OFFICE, all under the supervision of officers of said departments.

220.    The foregoing policies, usages, practices, customs, procedures and rules of Defendants were the direct and proximate cause of the Constitutional violations of Plaintiff BRIAN J. AUBIN JR.'s rights as set forth herein.

221.    As a result of the above Constitutionally impermissible conduct by Defendants, Plaintiff was caused to suffer physical, psychological and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Constitutional rights as aforesaid.

222.    As a result of the foregoing, plaintiff has suffered damages.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER THE FIRST AMENDMENT**

223.     Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

224.     By the actions described above, specifically in engaging in free speech by Plaintiff BRIAN J. AUBIN JR. by asking for additional phone calls at the Suffolk County Police Department – 5th Precinct, to which a certain member of Defendant "JOHN DOES" 1-10 (OFFICERS OF THE SUFFOLK COUNTY POLICE DEPARTMENT), who upon information is identified as Defendant P.O. STEVEN TURNER, responded with battering, assaulting and otherwise employing excessive physical force against Plaintiff BRIAN J. AUBIN JR., Defendants violated, and retaliated for the exercise of the free speech and assembly rights of Plaintiff.

225.     By the actions described above, specifically in engaging in free speech by Plaintiff BRIAN J. AUBIN JR. by asking for additional instruction on performing the pat-down procedure at the Suffolk County First District Court, and making verbal communications with a certain member of Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information is identified as Defendant D.S. NICHOLAUS BLANCHARD, to which a certain member of Defendants "JOHN DOES" 11-20 (OFFICERS OF THE SUFFOLK COUNTY SHERIFF'S OFFICE), who upon information is identified as Defendant D.S. NICHOLAUS BLANCHARD, responded with battering, assaulting and otherwise employing excessive physical force against Plaintiff BRIAN J. AUBIN JR., Defendants violated, and retaliated for the exercise of the free speech and assembly rights of Plaintiff.

226.    The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

227.    The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. *City of Houston v. Hill*, 482 U.S. 451 (1987).

228.    As a result of the above Constitutionally impermissible conduct by Defendants, Plaintiff was caused to suffer physical, psychological and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Constitutional rights as aforesaid.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

229.    Plaintiff BRIAN J. AUBIN JR. repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

230.    That the aforesaid occurrence and resulting injuries to Plaintiffs BRIAN J. AUBIN JR. were due to the willful, wanton, reckless and/or malicious conduct of the Defendants, individually and/or vicariously by and through their agents, servants and/or employees.

231.    That the aforesaid occurrence and resulting injuries to Plaintiffs BRIAN J. AUBIN JR. was due to the conduct of Defendants, individually and/or vicariously by and through their agents, servants and/or employees which reflect utter indifference to the safety and well-being of others and specifically the safety and well-being of plaintiffs.

232.    That the conduct of Defendants, individually and/or vicariously by and through their agents, servants and/or employees exhibited a reckless disregard for human life and the safety and well-being of others and more particularly, for the life, safety and well-being of Plaintiff BRIAN J. AUBIN JR.

233.    As a result of the foregoing, plaintiff has suffered damages, including punitive damages for said conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally, on each cause of action, against all of the defendants:

a.    Compensatory damages in an amount to be proven at the trial of this action;
b.    Punitive and exemplary damages;
c.    Civil penalties as provided by law;
d.    Declaratory and injunctive relief remedying the continued policies, customs and practices governing how the COUNTY OF SUFFOLK and its departments, including THE SUFFOLK COUNTY POLICE DEPARTMENT and THE OFFICE OF THE SUFFOLK COUNTY SHERIFF interacts with individuals with disabilities;
e.    Costs, interest and attorney's fees as permitted by statutes; and
f.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
July 24, 2020

CAESAR AND NAPOLI, P. C.

*Ernest A. Spivak* (ES4335)
By: ERNEST A. SPIVAK
Attorneys for Plaintiff
BRIAN J. AUBIN JR.
233 Broadway, Suite 2348
New York, New York 10279
212-226-2100
Our file No.: 40680GU.ESEZ